UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

RAYMOND COX, )
 )
      Plaintiff, )
 )
v. ) No. 1:18-CV-00002-JRG-CHS
 )
SHERIFF ERICK WATSON, JOHN )
BEAVERS, JANE DOE 1, JANE DOE 2, )
and JANE DOE 3, )
 )
      Defendants. )

# MEMORANDUM OPINION

This pro se prisoner's complaint for violation of 42 U.S.C. 1983 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) is before the Court for screening pursuant to the Prison Litigation Reform Act [Doc. 2].[1]

## I. SCREENING STANDARDS

Under the Prisoner Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as

---

[1] On July 6, 2018, this Court ordered Plaintiff to file an amended complaint within twenty-one days of entry of the order [*See* Doc. 17 at. 6]. However, Plaintiff failed to file an amended complaint, and therefore, the original complaint serves as the operative pleading in this cause [*Id*].

true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 . . . creates a right of action for the vindication of constitutional guarantees found elsewhere"). Similarly, to state a *Bivens* claim, a plaintiff must establish that he was deprived of a constitutionally protected right by a federal officer acting under the color of law. *See, generally, Bivens*, 403 U.S. 388.

## II. ALLEGATIONS OF COMPLAINT

Prior to his present incarceration, Plaintiff suffered numerous serious injuries in a car wreck and subsequent reinjuries to his shoulder that required surgery, but he was unable to have the surgery performed due to his lack of insurance or financial resources to pay for the treatment [Doc. 2 at 7-8]. Sometime later, Plaintiff was declared temporarily disabled and provided insurance through TennCare, but he was unable to successfully schedule surgery due to an unpaid bill from a previous surgery [*Id*. at 8].

After suffering severe chest and throat pains on November 2, 2017, Plaintiff was taken to the emergency room at Tennova Harton Hospital in Tullahoma, Tennessee, where a CT scan revealed that he had a punctured and partially collapsed lung [*Id*. at 8-9]. Plaintiff was transported to the Erlanger Trauma Unit in Chattanooga, Tennessee, where medical professionals determined, due to the age of Plaintiff's injuries, the less-invasive treatment of pain management should be tried before surgery was attempted [*Id*. at 9]. Plaintiff claims he was advised to follow-up with his primary care physician in seven days and was released with narcotic pain medication [*Id*.].

Plaintiff maintains that he was unable to receive timely follow-up care, however, due to his physician's case load [*Id.*].

Plaintiff asserts that he was finally scheduled to go to a pain clinic on November 13, 2017, "to acquire pain medication and a referral. . . for MRI's of his neck, upper back, and right shoulder in order to facilitate surgery" but was arrested that morning upon a federal warrant for a supervised-release violation [*Id.* at 10]. Upon being taken into federal custody, Plaintiff advised a Deputy Marshal of all his injuries, which were noted in Plaintiff's file and recounted to the United States Magistrate Judge during arraignment [*Id.*]. Plaintiff maintains that the Deputy United States Marshal attending the arraignment advised the court that Plaintiff would be housed at the Bradley County Detention Facility ("BCDF") and would there receive proper care [*Id.*]. During transport to BCDF, a Deputy Marshal called ahead and advised the facility of Plaintiff's injuries [*Id.* at 11].

Plaintiff claims that upon arrival at BCDF on November 14, 2017, medical staff member Jane Doe 1, performed an intake examination that resulted in Plaintiff being assigned to a top bunk in general population despite her knowledge of his injuries [*Id.* at 6, 11-12]. The following day, Jane Doe 2, another medical staff member at BCDF, examined Plaintiff for injuries and determined that he had no lung injury and required no treatment beyond over-the-counter medications, which she prescribed [*Id.* at 6, 12]. On November 16, 2017, medical staff member Jane Doe 3 examined Plaintiff and documented his medical history [*Id.* at 7, 12]. Plaintiff claims that Jane Doe 3 failed to acknowledge Plaintiff's injuries, claiming that she had reviewed his medical records and did not find any indication that he had suffered a collapsed or punctured lung [*Id.*].

Plaintiff contends that he submitted kiosk unanswered requests for legal services and medical care on several occasions while housed at BCDF, and that since Bradley County Sheriff Erick Watson maintains control of BCDF, he had a duty to see that Plaintiff received medical treatment and had proper access to the courts [*Id.* at 13-16]. Similarly, Plaintiff claims that United

3

States Deputy Marshal John Beavers had a knowledge of Plaintiff's injuries and a corresponding duty to ensure that he was housed at a facility where he could receive proper care [*Id*. at 16-18].

## III. DISCUSSION

### A. *Bivens*' claim

The sole basis for Plaintiff's *Bivens*' claim is that Deputy Marshal John Beavers detained Plaintiff in BCDF. However, Plaintiff's complaint makes it clear that the Deputy Marshals recorded Plaintiff's alleged injuries, conveyed them to the Court, and conveyed the injuries to BCDF. Deputy Beavers, a non-medical professional, was not involved in any medical decision that allegedly deprived Plaintiff of a protected right, and therefore, he has failed to state a claim against Deputy Beavers, the sole federal actor in this cause. *See, e.g., Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted). Accordingly, Plaintiff has failed to state a *Bivens* claim, and this claim will be dismissed.

### B. Section 1983 claims

Plaintiff asserts § 1983 claims against all remaining Defendants for the denial of medical care and against Sheriff Watson for the denial of access to the courts.

#### 1. Access to courts

Plaintiff alleges that because Defendant Watson did not ensure that Plaintiff's grievances and requests were addressed, Defendant Watson failed his duty to ensure that Plaintiff had adequate access to the courts. As an initial matter, the Court notes that Plaintiff cannot sustain a claim against Defendant Watson for merely failing to respond to Plaintiff's complaints, as "[t]he 'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983." *Grinter v. Knight,* 532 F.3d 567, 576 (6th Cir.

4

2008) (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)). Moreover, Plaintiff was able to file the instant complaint, and therefore, he has not demonstrated that he was prevented from pursing a legal claim, or that he lost the ability to pursue some avenue of relief due to the delay caused by Defendant Watson's conduct. Therefore, Plaintiff's allegation against Sheriff Watson for a denial of access to the courts fails to state a claim upon which relief may be granted. *See Lewis v. Casey*, 518 U.S. 343, 354 (1996) (holding inmate claiming lack of access must demonstrate his prison officials impeded non-frivolous civil rights or criminal action); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) ("An inmate who claims his access to the courts was denied fails to state a claim without any showing of prejudice to his litigation.").

### 2. Medical treatment

"[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (citation omitted). "For this reason, 'deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983.'" *Darrah v. Krisher*, 865 F.3d 361, 367 (6th Cir. 2017) (*quoting Estelle*, 429 U.S. at 105).

To constitute "deliberate indifference," the deprivation alleged must be of a sufficiently serious need, and the defendant must have acted with a "sufficiently culpable state of mind." *Darrah*, 865 F.3d at 367-68 (*quoting Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). Therefore, deliberate indifference is illustrated by a prison official who acts or fails to act despite knowledge of a substantial risk of serious harm to an inmate under his care. *Id.* "However, where a prisoner receives some medical care and the dispute is over its adequacy, no claim has been stated." *Bryan v. Washington Cty. Sheriff's Dep't*, No. 2:10-cv-169, 2012 WL 523653, at * 2 (E.D. Tenn. Feb. 15, 2012) (citing *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976)). Thus, "[w]hen a

[medical professional] provides treatment, albeit carelessly or inefficaciously, to a prisoner, he has not displayed a deliberate indifference to the prisoner's needs, but merely a degree of incompetence which does not rise to the level of a constitutional violation." *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001).

### a) Sheriff Watson

Plaintiff has not pled any facts that would allow the Court to infer that Defendant Watson had any direct involvement in the decisions whether to administer treatment to Plaintiff, and neither his status as Sheriff or his failure to respond to Plaintiff's complaints is sufficient to impose liability against him. *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted); *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (finding that knowledge of a prisoner's grievance and a failure to respond or remedy the complaint was insufficient to impose liability on supervisory personnel under § 1983).

### b) Jane Doe Defendants

Plaintiff alleges that the Jane Doe Defendants violated his constitutional rights by treating his injuries with over-the-counter pain medication, by initially assigning him a top bunk, and by declaring that he did not appear to have a punctured lung. First, the Court finds that Plaintiff's dissatisfaction with his bunk assignment is insufficient to state a claim of deliberate indifference against Jane Doe 1, as his complaint does not allow the Court to infer that she caused Plaintiff to be assigned to a top bunk despite the medical necessity for a lower-bunk assignment. *See Burley v. Upton*, 257 F. App'x 207, 210 (11th Cir. 2007) ("Even if Burley did have a 'serious medical need,' he failed to show that officials were anything more than negligent by keeping him in a top

bunk for five days"); *Jones v. Pancake*, No. 3:06CV–P188, 2009 WL 481899, at *4 (W.D. Ky. Feb. 25, 2009) ("While Plaintiff might disagree with Dr. Hiland's determination that a bottom bunk was not necessary, he has not shown that Dr. Hiland was deliberately indifferent to his needs.").

Regarding Plaintiff's dissatisfaction with the medical care rendered to him at BCDF, the Court notes that Plaintiff has alleged that he suffered a series of injuries months before his arrest that free-world medical professionals initially treated with prescription medication, rather than surgery. Therefore, it appears to the Court that both the free-world medical professionals and the Jane Doe Defendants concluded that pain management was the appropriate course of treatment for Plaintiff's complaints. While Plaintiff alleges that he intended to go to a pain clinic on the day of his arrest "to acquire pain medication and a referral. . . for MRI's of his neck, upper back, and right shoulder in order to facilitate surgery," such an allegation only represents what he desired to happen at that appointment, not an allegation that such procedures had been deemed medically necessary. Plaintiff cannot transform his dissatisfaction with the medical care provided at BCDF into a constitutional claim merely because the medical opinions of the Jane Doe Defendants differ from his. *See Darrah*, 865 F.3d at 372 ("Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law.'") (quoting *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976)). Therefore, Plaintiff has failed to state a claim against Jane Doe Defendants for the denial of medical care, and they are entitled to be dismissed from this action.

**IV.    CONCLUSION**

For the reasons set forth above, all Defendants are entitled to dismissal, and this § 1983 action will be **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted under § 1983.  28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

Further, the Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be frivolous.  28 U.S.C. § 1915(a)(3); Fed. R. Civ. P. 24.

ENTER:

                                                s/J. RONNIE GREER
                                    UNITED STATES DISTRICT JUDGE